

1 | Vince M. Verde CA Bar No. 202472
vince.verde@ogletreedeakins.com
2 | Allison C. Eckstrom CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
3 | Justin S. Walley CA Bar No. 280013
justin.walley@ogletreedeakins.com
4 | OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
5 | Park Tower, Suite 1500
695 Town Center Drive
6 | Costa Mesa, CA 92626
Telephone: 714.800.7900
7 | Facsimile: 714.754.1298

8 | Attorneys for Defendants SEARS HOLDINGS
MANAGEMENT CORPORATION and
9 | KMART CORPORATION

FILED 2013 MAY 10 AM 10:57 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WALLACE, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS HOLDINGS CORPORATION; SEARTS HOLDINGS; KMART CORPORATION; KMART APPAREL CORPORATION; KMART APPAREL FASHIPN CORPORATION; KMART HOLDING CORPORATION; AND DOES 1 to 100 inclusive, <br><br> Defendants. | Case No. CV13 - 03342 MMM (RZx) <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441(a) AND 1446** <br><br> Complaint Filed: April 8, 2013 <br> Trial Date: None Set |

14935368_1.doc

1
NOTICE OF REMOVAL OF CIVIL ACTION

Case No.

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendants Sears Holdings Management Corporation and Kmart Corporation (collectively "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, Central District to the United States District Court for the Central District of California, and in furtherance of this removal aver as follows:

## I. STATE COURT ACTION

1. On April 8, 2013, Plaintiff Susan Wallace ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, Central District, entitled <u>Susan Wallace, Plaintiff, vs. Sears Holdings Management Corporation; Sears Holdings Corporation; Sears Holdings; Kmart Corporation; Kmart Apparel Corporation; Kmart Apparel Fashion Corporation; Kmart Holding Corporation and Does 1 to 100, inclusive, Defendants</u>, Case No. BC505239 (the "Complaint").

2. A copy of the Summons and Complaint was personally served upon Defendant Sears Holdings Management Corporation and Defendant Kmart Corporation through their agent for service of process, CT Corporation System, on April 12, 2013. (See Declaration of Angela McGinnis ("McGinnis Decl."), ¶ 4.) All documents served upon Defendants on April 12, 2013 are attached as "Exhibit A" to the McGinnis Decl.

3. As of the date of this Notice of Removal, the other named defendants – Sears Holdings Corporation, Sears Holdings, Kmart Apparel Corporation, Kmart Apparel Fashion Corporation, and Kmart Holding Corporation – have not been served with a copy of the Summons and Complaint in this matter. Further, the aforementioned defendants are not proper parties to this action, as none of the entities

employed Plaintiff Susan Wallace at any time. (McGinnis Decl., ¶¶ 6-7.) At all relevant times, Plaintiff was employed by Defendant Kmart Corporation. (*Id.* at ¶ 7.)

4. The Complaint asserts the following claims for relief: (1) breach of employment contract; (2) breach of implied employment contract; (3) breach of implied covenant of good faith and fair dealing; (4) wrongful termination; (5) violation of Fair Employment and Housing Act ("FEHA"); (6) breach of bonus agreement; (7) breach of implied bonus agreement; and (8) breach of implied covenant of good faith and fair dealing (re bonus agreement).

5. On May 9, 2013, Defendants timely filed and served their Answer to Plaintiff's Complaint in the Los Angeles County Superior Court. (McGinnis Decl., ¶ 4). A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached as "Exhibit B" to the McGinnis Decl.

## II.  PLAINTIFF'S CLAIMS ARE SUBJECT TO REMOVAL UNDER SECTION 1332(a)

### A. Complete Diversity Exists Among The Parties.

6. This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants under 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states because the parties are diverse and the matter in controversy exceeds $75,000 exclusive of interest and costs.

7. Plaintiff is, and was at all times relevant to this action, a resident of the State of California. (Complaint ¶ 1.)

8. Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of

business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at p. 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

9. Defendant Kmart Corporation is, and was at all times relevant to this action, a corporation formed under the laws of the State of Michigan, with its principal place of business in Hoffman Estates, Illinois. (McGinnis Decl., ¶ 8). Defendant Sears Holdings Management Corporation is, and was at all times relevant to this action, a corporation formed under the laws of the State of Delaware, with its principal place of business in Hoffman Estates, Illinois. (*Id.*)

10. Defendants' principal place of business and all of the current operations are located in the State of Illinois because its headquarters, and its executive and senior management personnel, as well as its primary management operations are located in Hoffman Estates, Illinois. (McGinnis Decl., ¶ 8). The corporate officers direct, control and coordinate the corporations' activities from Illinois. (*Id.*) Accordingly, Defendants are not citizens of the State of California.

11. "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "DOES 1-100" in the Complaint cannot defeat diversity jurisdiction.

12. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a),

because Plaintiff is a citizen of California and Defendants are not citizens of California. As a result, complete diversity between Defendants and Plaintiff exists.

### B. The Requisite $75,000 Amount In Controversy Is Easily Met On The Face Of Plaintiff's Complaint.

13. Pursuant to Section 1332, removal jurisdiction is proper where the complaint, on its face, places at least $75,000 in controversy. Here, assuming Plaintiff's allegations to be true, the Complaint easily meets the requisite $75,000 amount in controversy for removal jurisdiction under Section 1332.[1]

14. In her Complaint, Plaintiff seeks, *inter alia*, compensatory damages for past and future wages as well as unpaid bonus compensation, emotional distress damages, and attorneys' fees. (Complaint ¶¶ 25, 31, 38.) Based on the allegations in the Complaint, Defendants estimate that the amount of unpaid wages, emotional distress damages, and attorneys' fees sought by Plaintiff is well in excess of $75,000. Specifically, Defendants estimate the amount in controversy as follows:

15. Plaintiff's claim for compensatory damages, including past wages, is based on her annual compensation during her employment with Defendant Kmart. At the time of Plaintiff's termination, Plaintiff earned an annual salary of $135,402.84, which equates to approximately $11,283.57 per month. (McGinnis Decl., ¶ 9.) Plaintiff has not worked for Kmart since April 10, 2011. (*Id.*) Therefore, as of the date of this removal, Plaintiff's unmitigated lost wages, alone, exceed $282,000 (*i.e.*, lost wages from the date of termination on April 10, 2011 to the date of this removal on May 10, 2013).[2] In addition, Plaintiff's Complaint, on its face, seeks unpaid bonus compensation in the amount of $48,000. As a result, it

---

[1] Defendants discuss the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that a Court may, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit). In doing so, however, Defendants do not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories of liability.

[2] 25 months (number of months from 4/10/11 to 5/10/13) x $11,283.57 (monthly salary) = $282,089.25.

easily becomes "more likely than not" that the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).

16. Plaintiff's request for an award of reasonable attorneys' fees is authorized by statute (*i.e.*, FEHA under Government Code §12965) and thus is properly considered when determining whether the amount in controversy meets the jurisdictional threshold. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

17. In addition, Plaintiff's claims for emotional distress damages are likewise properly considered in determining the amount in controversy. In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-1035 (N.D. Cal., 2002) (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003), (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). Thus, based on a conservative good faith estimate of the value of the causes of action asserted in this action, Plaintiff seeks recovery of well over $75,000 in damages, which satisfies the minimum amount required for diversity jurisdiction.

### III. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

18. In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, Los Angeles County, Central District is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 114(a).

19. In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by Exhibit A to the McGinnis Decl., which is a copy of all process, pleadings, and orders served upon Defendants. This notice of removal is also accompanied by Exhibit B to the McGinnis Decl., which is a copy of Defendants' Answer to Plaintiff's Complaint filed on May 10, 2013 in the Los Angeles County Superior Court. Exhibits A and B represents all process, pleadings and orders served upon the parties in the Los Angeles County Superior Court proceeding.

20. In accordance with 28 U.S.C. §1446(b), Defendants' Notice of Removal was filed within 30 days after the initial service on Defendants on April 12, 2013.

21. In accordance with 28 U.S.C. §1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, County of Los Angeles, Central District. Accordingly, Defendants remove the above-entitled action to this Court.

DATED: May 10, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Vince M. Verde
Allison C. Eckstrom
Justin A. Walley
Attorneys for Defendants SEARS HOLDINGS MANAGEMENT CORPORATION and KMART CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV13- 3342 MMM (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS (Check box if you are representing yourself ☐) |
|---|---|
| SUSAN WALLACE | SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS HOLDINGS CORPORATION; SEARS HOLDINGS; KMART CORPORATION; KMART APPAREL CORPORATION; KMART APPAREL FASHION CORPORATION; KMART HOLDING CORPORATION; and DOES 1-100 |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) David J. O'Keefe BONNE, BRIDGES, MUELLER, O'KEEFE & NICHOLS 3699 Wilshire Blvd., 10th Floor Los Angeles, CA 90010 (213) 480-1900 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Vince M. Verde    Allison C. Eckstrom    Justin A. Walley OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 695 Town Center Drive, Suite 1600 Costa Mesa, CA 92626    (714) 415-9792 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Employment Contract; Breach of Implied Employment Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Wrongful Termination; Violation of Fair Employment and Housing Act; Breach of Bonus Agreement; Breach of Implied Bonus Agreement

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: _____

**CV13 - 03342 MMM (RZx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [x] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [x] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Michigan<br>Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: May 10, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |